## MATTHEWS, FINLEY & Co. *v.* THEIR CREDITORS—TERRY & SIMPSON, Opponents and Appellants.

The course of business establishes the relation of debtor and creditor, between the banker and the owner of irregular deposits. The right of the depositary to use the money thus deposited, is a part of the contract between him and the depositor. Whereas, he who collects or receives or takes a deposit of money in the sense of the 10th Section of the Act of 28th March, 1840, has not the right to use it.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Walker & Pierce,* for plaintiffs. *Smiley & Perin,* for opponents and appellants.

SPOFFORD, J. This case differs from that of *McKenzie* v. *Matthews, Finley & Co.,* just decided, in only two of its features.

In this case it is admitted that the deposits made by *Terry & Simpson* were ordinary or irregular deposits. For the reasons given in the former case, the defendant cannot be considered as "unfaithful depositaries" who, according to Article 2992 of the Civil Code, are precluded from the benefit of a surrender.

But it is contended, in the present case, that the defendants, although they have made a surrender, are liable to the penalties of the Act of March, 28th, 1840, entitled "An Act to abolish imprisonment for debt," because they have failed to pay over money received or deposited with them for another.

It becomes unnecessary to pass upon the bills of exceptions to the Judge's charge, and to his refusal to charge as requested ; for, giving the opponents the benefit of a proceeding under the Act of 1840, we have decided in the recent case of *Sims* v. *Bean,* that the terms of the 10th Section of that Act do not embrace the case of a banker who receives irregular deposits and becomes insolvent before they are drawn out by the checks of the depositor, and against whom no other charge is made than his failure to pay over the amount of such irregular deposits—after insolvency.

The course of business establishes the relation of debtor and creditor between such parties. The right of the depositary to use the money thus deposited is a part of the contract between him and the depositor; whereas, he who collects or receives or takes a deposit of money for another, in the sense of the 10th Section of the Act of 1840, has not the right to use it. This is the true line of distinction between the present case and cases that fall properly within the scope of the Act of 1840.

Judgment affirmed with costs.